IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:08-CR-50-WKW [WO] |
| | ) | |
| CHRISTOPHER DEAN | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

On January 9, 2009, the Magistrate Judge filed a Report and Recommendation ("Recommendation") in this case. (Doc. # 29.) Defendant Christopher C. Dean ("Dean") objected to the Recommendation. (Doc. # 31.) The portions of a recommendation to which a defendant objects are reviewed *de novo*. 28 U.S.C. § 636(b)(1).

A *de novo* review of the record and law confirms that the recommendation to deny Mr. Dean's Motion to Dismiss Indictment (Doc. # 20) should be adopted.[1] Therefore, it is

---

[1] With respect to the Recommendation's subsection on 42 U.S.C. § 16913 and the Commerce Clause of the United States Constitution (Doc. # 29, at 23-24), this discussion from *United States v. Howell*, 552 F.3d 709 (8th Cir. 2009) clarifies the basis for finding § 16913 is a constitutional exercise of Congressional power:

> We believe Congress enacted SORNA to track the interstate movement of sex offenders. The language of § 16913 evidences Congress's focus on monitoring this interstate movement of sex offenders by emphasizing the movement of sex offenders from jurisdiction to jurisdiction. The statute requires sex offenders to "register, and keep the registration current, in *each jurisdiction*" where the offender lives, works, or goes to school. 42 U.S.C. § 16913(a) (emphasis added). Subsection (c) focuses on the movement of sex offenders by requiring the offenders to update registration "in at least 1 jurisdiction" within three days of a change identified in subsection (a). 42 U.S.C. § 16913(c). Finally, the statute is concerned with interjurisdictional reporting of sex offender movement by requiring the jurisdiction where the offender updates his or her registration to notify "all other jurisdictions" where the offender must register. *Id.* This language indicates Congress wanted registration to track the movement of sex offenders through different jurisdictions.
> . . .
> When § 16913 is analyzed in relation to the purpose of SORNA, it is evident § 16913 is an "appropriate aid[ ] to the accomplishment" of tracking the interstate

ORDERED that:

1. Mr. Dean's objections (Doc. # 31) are OVERRULED;

2. The Recommendation of the Magistrate Judge (Doc. # 29) that Mr. Dean's Motion to Dismiss Indictment (Doc. # 20) be denied is ADOPTED; and

3. Mr. Dean's Motion to Dismiss Indictment (Doc. # 20) is DENIED.[2]

Done this 6th day of March, 2009.

                /s/   W.  Keith Watkins
                UNITED STATES DISTRICT JUDGE

---

movement of sex offenders.  *See* [*United States v. Darby*, 312 U.S. 100, 121 (1941)]. The requirements of § 16913 help establish a system by which the government can monitor the location and travels of sex offenders.  Although § 16913 may reach a wholly intrastate sex offender for registry information, § 16913 is a reasonable means to track those offenders if they move across state lines.  In order to monitor the interstate movement of sex offenders, the government must know both where the offender has moved and where the offender originated.  Without knowing an offender's initial location, there is nothing to ensure the government would know if the sex offender moved.  The registration requirements are reasonably adapted to the legitimate end of regulating "'persons or things in interstate commerce'" and "'the use of the channels of interstate commerce.'" [*United States v. May*, 535 F.3d 912, 921 (8th Cir. 2008) (quoting *United States v. Lopez*, 514 U.S. 549, 558-59 (1995))].  Covering the registration of wholly intrastate sex offenders is merely incidental to Congress's tracking of sex offenders in interstate commerce.  Therefore, § 16913 is constitutional under Congress's authority to use the necessary and proper means to further its commerce clause power because it "is a necessary part of a more general regulation of interstate commerce." [*Gonzales v. Raich*, 545 U.S. 1, 37 (2005) (Scalia, J., concurring)].

*Id.* at 170, 171 (first alteration in original).

[2] There is nothing in the Recommendation that is contradicted by *United States v. DuMont*, __ F.3d __, 2009 WL 161864 (11th Cir. 2009); the opinions are consistent.