IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:08-CR-50-WKW [WO] |
| | ) | |
| CHRISTOPHER C. DEAN | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant Christopher C. Dean ("Dean") has filed two motions to dismiss the Indictment against him. The first (Doc. # 20) was resolved by a separate Order. (Doc. # 40.) The second moves to dismiss the Indictment for failure to state an offense. (Mot. 1 (Doc. # 32).) The United States of America ("United States") filed a brief in opposition to the motion. (Resp. (Doc. # 35).) The motion is due to be denied.

A motion alleging "a defect in the indictment or information" must be raised before trial, but "at any time while the case is pending, the court may hear a claim that the indictment or information fails to invoke the court's jurisdiction or to state an offense." Fed. R. Crim. P. 12(b)(3)(B); *see United States v. Sharpe*, 438 F.3d 1257, 1258 (11th Cir. 2006) (noting, in a case where the district court dismissed the indictment post trial, that Rule 12(b)(3)(B) allows for a challenge to the indictment for failure to state an offense at any time when the case is pending).[1] The sufficiency of an indictment is determined "'from its face.'"

---

[1] A recent unpublished Eleventh Circuit opinion articulates the relationship between motions to dismiss for defects in the indictment that must be raised before trial, and motions to dismiss that the court may hear at any time:

> Generally, motions alleging a defect in the indictment must be made before trial. Fed. R. Crim. P. 12(b)(3)(B). Except upon a showing of good cause, a defendant waives any Rule 12(b)(3) defense, objection, or request not raised by the district court's pretrial

*Sharpe*, 438 F.3d at 1263 (quoting *United States v. Salman*, 378 F.3d 1266, 1268 (11th Cir. 2004)).  "'For an indictment to be valid, it must contain the elements of the offense intended to be charged, and sufficiently apprise the defendant of what he must be prepared to meet.'"[2] *Id.* (quoting *United States v. Bobo*, 344 F.3d 1076, 1083 (11th Cir. 2003)).  "[A]n indictment parroting the language of a federal criminal statute is often sufficient," except for the few crimes where "greater specificity" is required.  *United States v. Resendiz-Ponce*, 549 U.S. 102, 109 (2007).

An indictment was returned against Mr. Dean on March 14, 2008, charging him with one count under 18 U.S.C. § 2250 of violating the Sex Offender Registration and Notification Act ("SORNA"), 42 U.S.C. §§ 16901-16929.  (Indictment (Doc. # 1).)  The charge specifically states that Mr. Dean:

> . . . being required to register under the Sex Offender Registration and Notification Act, and having traveled in interstate commerce and foreign commerce, did knowingly fail to register and update a registration as required by the Sex Offender Registration and Notification Act, in violation of Title 18, United States Code, Section 2250.

(Indictment Count 1.)

---

motion deadline or other extension provided by the district court.  Fed. R. Crim. P. 12(e). . . .  Nevertheless, the district court may, "at any time while the case is pending, . . . hear a claim that the indictment or information fails to invoke the court's jurisdiction or to state an offense."

*United States v. Searcy*, 278 F. App'x 979, 981 (11th Cir. 2008) (per curiam) (citation omitted).

[2] Requiring the indictment to set forth the elements of the offense protects a defendant's Sixth Amendment's right to "notice of the nature and cause of the accusation," and the Fifth Amendment's requirement that a grand jury return an indictment only when there is a finding of probable cause for all necessary elements of the offense.  *United States v. Fern*, 155 F.3d 1318, 1324-25 (11th Cir. 1998) (internal quotation marks and citation omitted).

Mr. Dean argues that the Indictment is insufficient "because it fails to state any of the essential facts constituting the offense charged, or to identify the specific provisions of law which Mr. Dean is alleged to have violated." (Mot. 4.) More specifically, he argues that the Indictment fails because it does not allege: (1) the specific subsection of § 2250 Mr. Dean allegedly violated or the portion of SORNA Mr. Dean allegedly meets; (2) that Mr. Dean is a "sex offender" or any facts or circumstances that would make him one; (3) facts or circumstances as to why Mr. Dean was "required to register" under SORNA, § 2250(a)(1); (4) the time, place, or other facts and circumstances for his alleged travel in interstate commerce, § 2250(a)(2)(B); and (5) the acts he allegedly committed that constitute a failure to register under SORNA, § 2250(a)(3), including where he failed to register. (Mot. 4.) The United States responds that the Indictment sufficiently alleges the elements of the crime, that further specificity is not required, and that a motion for a bill of particulars is the appropriate vehicle for the clarification Mr. Dean requests. (Resp. 2-3.)

Section 2250(a) states that:

(a) In general.--Whoever--

(1) is required to register under the Sex Offender Registration and Notification Act;
(2)(A) is a sex offender as defined for the purposes of the Sex Offender Registration and Notification Act by reason of a conviction under Federal law (including the Uniform Code of Military Justice), the law of the District of Columbia, Indian tribal law, or the law of any territory or possession of the United States; or
(B) travels in interstate or foreign commerce, or enters or leaves, or resides in, Indian country; and
(3) knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act;

3

shall be fined under this title or imprisoned not more than 10 years, or both.

18 U.S.C. § 2250(a). The statute thus requires three elements for conviction: (1) that the defendant is required to register under SORNA; (2) that the defendant *either* is a sex offender for purposes of SORNA by reason of a conviction under federal law, the law of the District of Columbia, Indian tribal law, or the law of any territory or possession of the United States, *or* traveled in interstate or foreign commerce, or enters or leaves, or resides in, Indian country; *and* (3) that the defendant knowingly failed to register or update a registration as required by SORNA. Because the United States charged Mr. Dean with *traveling in interstate commerce* and failing to register as he was required to do under SORNA (Indictment Count 1), it was *unnecessary* for the United States to allege the alternative means for conviction – being a sex offender for purposes of SORNA by reason of a conviction under the set of laws described in § 2250(a)(2)(A) and failing to register as required under SORNA.

In a recent opinion, the Eleventh Circuit described the elements in this way:

> Section 2250 provides, in relevant part, whoever (1) is required to register under SORNA and is defined as a sex offender for purposes of SORNA, (2) "travels in interstate or foreign commerce," and (3) "knowingly fails to register or update a registration as required by" SORNA is guilty of the crime.

*United States v. Dumont*, ___ F.3d ___, 2009 WL 161864, at *1 (11th Cir. 2009) (quoting § 2250(a)). Element two required traveling in interstate commerce because the defendant's underlying sexual crime was child molestation under state law. *Id.* To the extent that § 2250

4

requires the defendant be "defined as a sex offender for purposes of SORNA," *id.*, it is only as a requirement necessarily *subsumed* in the requirement that the defendant register under SORNA. Only sex offenders defined under SORNA as individuals who were "convicted for a sex offense," § 16911, are required to register. *See* § 16913(a). In other words, the allegation that the defendant was required to register under SORNA necessarily implies that he was a sex offender under SORNA.

Thus, § 2250(a) is not like those statutes described by the Supreme Court in *Resendiz-Ponce*, where to provide fair notice and assure the conviction arose from the theory of guilt presented to the grand jury, the indictment must allege the crime with more specificity than "parroting" the statute's language. 549 U.S. at 109-110. An example of a statute that would require greater specificity is "the statute making it a crime for a witness summoned before a congressional committee to refuse to answer any question 'pertinent to the question under inquiry.'" *Id.* at 109 (quoting 2 U.S.C. § 192). An indictment charging that crime requires an allegation describing the subject of the congressional hearing even though that requirement is not in the statute's language. *Id.* (explaining *Russell v. United States*, 369 U.S. 749 (1962)). Because the charge involves an allegation that the defendant refused to answer a question that was "pertinent," and because the meaning of "pertinent" is necessarily relational, without an allegation of what the answer was pertinent *to*, the defendant lacks sufficient notice, and probable cause was not found as to that element, *id.* Additionally, the Court noted that the relevant hearing's subject is "frequently uncertain" but "invariably 'central'" to prosecutions under the statute. *Id.* (quoting *Russell*, 369 U.S. at 764).

The element of § 2250 that a defendant must be required to register under SORNA, however, contains no parallel ambiguity or uncertainty. If the defendant is required to register under SORNA, he *must* be a sex offender under SORNA. And if the defendant is accused of violating § 2250, it is clear that the basis of that accusation is that he is a sex offender under SORNA. Thus, if the allegation is that (1) the defendant traveled in interstate commerce, the only additional elements that must be alleged are (2) that the defendant must register under SORNA and (3) that he knowingly failed to do so. *See also United States v. Lawrance*, 548 F.3d 1329, 1339 (10th Cir. 2008) (Murphy, J., dissenting on other grounds) ("As the plain language of the provision makes clear, three elements must be satisfied for an individual, such as [the defendant], who has been convicted of a sex offense only under state law, to violate § 2250. First, the individual must be required to register under SORNA. Second, the individual must travel in interstate or foreign commerce. Third, the individual must knowingly fail to register or update his registration as required by SORNA."). For these same reasons, an indictment for a § 2250 offense need not allege further detailed facts or circumstances than those provided in these allegations.

Furthermore, although the Eleventh Circuit has stated that "'if the indictment tracks the language of the statute, it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged,'" *Sharpe*, 438 F.3d at 1263 (quoting *Bobo*, 344 F.3d at 1083), the information in Mr. Dean's Indictment sufficiently informs Mr. Dean of the specific charge coming under § 2250's general description. The Indictment states that from

July 2007, to August 6, 2007, in Autauga County, Mr. Dean traveled in interstate commerce and knowingly failed to register under SORNA. The Indictment informs Mr. Dean of the criminal acts he allegedly committed.[3] Additionally, "[p]redicate felonies do not need to be listed in the indictment so long as the defendant has actual notice of the charge." *United States v. Odom*, 252 F.3d 1289, 1298 (11th Cir. 2001).

The appropriate motion to obtain the facts and circumstances Mr. Dean requests is a motion for a bill of particulars. Rule 7(f) of the Federal Rules of Criminal Procedure permits defendants to move for a bill of particulars before, or within ten days after, arraignment, and only at a later time if the court permits. "[A] district court is vested with broad discretion in deciding whether a bill of particulars should be granted." *United States v. Cole*, 755 F.2d 748, 760 (11th Cir. 1985); *accord Will v. United States*, 389 U.S. 90, 98 (1967). A bill of particulars is not required if the information the defendant seeks has been provided by other sources. *See United States v. Martell*, 906 F.2d 555, 548 (11th Cir. 1990) (per curiam). Mr. Dean has not moved for a bill of particulars or convinced the court that it should "direct" the United States to file a bill of particulars *sua sponte*. Rule 7(f).

Finally, Mr. Dean's other argument – that the Indictment fails to allege the specific subsection of the statute – also fails. The language of the Indictment clearly tracks the language of § 2250(a) and specifically, (a)(1), (a)(2)(B), and (a)(3). Mr. Dean had sufficient

---

[3] "[Section] 2250 criminalizes a sex offender's failure to register after traveling in interstate or foreign commerce, and the 'travels' language provides a jurisdictional basis." *DuMont*, __ F.3 __, 2009 WL 161864, at *3. "The statute does not punish an individual for previously being convicted of a sex crime." *United States v. May*, 535 F.3d 912, 920 (8th Cir. 2008).

notice of the charges against him.  *See Sharpe*, 438 F.3d at 1263; *United States v. Poirier*, 321 F.3d 1024, 1029 (11th Cir. 2003) ("[W]hen analyzing challenges to the sufficiency of an indictment, courts give the indictment a common sense construction, and its validity is to be determined 'by practical, not technical, considerations.'" (quoting *United States v. Gold*, 743 F.2d 800, 812 (11th Cir. 1984))); *see, e.g.*, *United States v. Germany*, 296 F. App'x 852, 863-64 (11th Cir. 2008) (rejecting Germany's argument that the indictment was defective because the reference to the criminal code's section failed to indicate which subsection applied, noting that the language in the allegation "clearly track[ed]" one subsection's statutory language).

Accordingly, for the foregoing reasons, it is ORDERED that Mr. Dean's Motion to Dismiss Indictment for Failure to State an Offense (Doc. # 32) is DENIED.

DONE this 6th day of March, 2009.

                                          /s/  W.  Keith Watkins
                                     UNITED STATES DISTRICT JUDGE